UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANDRA BENOIT and LINDA A. SMITH, | § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § § | CIVIL ACTION NO. 3:22-CV-00294 |
| LEE & MURPHY LAW FIRM, ERIN MURPHY, CLARK, LOVE & HUSTON, G.P., CLAYTON A. CLARK, SCOTT A. LOVE, BLAKE DEADY, and SHELLEY HUSTON. | § § § § § § § | |
| *Defendants.* | § | |

## THE CLH DEFENDANTS[1] MOTION TO TRANSFER VENUE FOR CONVENIENCE

The CLH defendants (collectively "CLH" or "Defendant") file this Motion to Transfer Venue for Convenience. In support, CLH respectfully shows this Court the following:

### I.
### STATEMENT OF THE ISSUE

Based on the convenience of the parties and to prevent the injustice occasioned by blatant forum shopping, the Court should transfer this case to the Houston Division of the Southern District of Texas, with a notation that it is related to Cause No. 4:19-CV-02148; *Tammy Alvarado, et. al. v. Clark Love & Huston, GP, et. al.*, In the United States District Court for the Southern District of Texas, Houston Division (the "*Alvarado* Case").[2] The *Alvarado* Case involved the same facts, the same allegations, the same underlying aggregate settlement, the same lawyer defendants, and the same plaintiffs' lawyers, and has already been fully litigated and decided by Judge Andrew S. Hanen in a thorough 30-page summary judgment opinion.

---

[1] The CLH defendants are Clark Love & Hutson, GP, Clayton Clark, Scott Love, Shelley Hutson, and Blake Deady.
[2] The *Alvarado* Case may be found at *Alvarado v. Clark Love & Huston, GP*, 2021 WL 1428477 (S.D. Tex. 2021).

Moreover, although as we discuss next Plaintiffs Sandra Benoit ("Benoit") and Linda A. Smith ("Smith") filed this suit in the Galveston Division of the Southern District of Texas solely in an effort to avoid federal or state courts in Houston—courts in which Benoit and Smith and/or their lawyers have already failed in asserting the same claims—neither Benoit nor Smith reside in Galveston, none of the defendants have ever resided or had an office in Galveston, and none of the lawyers involved in this case reside or have an office in Galveston. To the contrary, Benoit resides in Illinois, Smith resides in California, all of the defendants reside and office in Houston, CLH's and the other defendants' lawyers reside and office in Houston, and Benoit's and Smith's lawyers reside and office in Chappell Hill and Dallas. This case should be transferred to the Houston Division of the Southern District of Texas.

## II.
## INTRODUCTION

Benoit and Smith, former clients of CLH, seek damages relating to the handling and settlement of their underlying transvaginal mesh ("TVM") cases that were resolved by way of a judicially administered trust in Wharton County, Texas. CLH objects to venue in the Galveston Division of the Southern District of Texas and seeks transfer to the Houston Division of the Southern District of Texas for the convenience of the parties and witnesses and in the interest of justice.

Indeed, Judge Andrew S. Hanen of the Houston Division has already addressed and disposed of via summary judgment the same claims involving other former CLH clients in the *Alvarado* Case. Consequently, maintenance of this suit in the Galveston Division would work an injustice on CLH considering (a) the substantial time that has been invested by CLH litigating to conclusion the same claims involving, in part, the same counsel in the Houston Division, (b) the depth to which Judge Hanen gave a detailed analysis that led to the disposition of all claims in the

*Alvarado* Case, which involved two consolidated lawsuits filed by five claimants making essentially the same claims that Benoit and Smith make here, (c) the fact that this lawsuit would effectively create a risk of an inconsistent outcome from the *Alvarado* Case, (d) the fact that this lawsuit itself was originally filed in a Houston state district court only to be voluntarily non-suited by Benoit and Smith when it was transferred to the court that administered the underlying TVM settlement (Wharton County state district court), and (e) the obvious forum shopping that has occurred here (Benoit and Smith first filing this case in Harris County state court to avoid the Houston Division of the Southern District of Texas where the *Alvarado* Case was litigated, then non-suiting the state court case when it was transferred to the forum where the underlying TVM case was settled, and then filing in the Galveston Division of the Southern District to once again avoid the Houston Division).

The balance of interests of all parties predominates in favor of the suit being transferred to the Houston Division, a venue that would not work an injustice to any other party and a venue that would foster both consistency and efficiency. As the Houston Division is the most convenient and judicially consistent and efficient venue under the circumstances, the Court should transfer this case to the Houston Division.

## II.
## FACTUAL BACKGROUND

A.   **The underlying mass tort settlement is administered by a state district court in Wharton County and Plaintiffs are paid.**

In approximately 2011, CLH began representing numerous claimants in nationwide mass tort litigation against several manufacturers of TVM. Two of those claimants were Benoit and Smith, who had claims against Boston Scientific Corporation (BSC). After CLH filed suit on the mass tort settlement in Wharton County, it then filed interventions on behalf of Benoit and Smith.

3

In 2015, CLH finalized an aggregate settlement with Boston Scientific (one of the TVM manufacturers), for which the Judge of the 23rd Judicial District Court of Wharton County would oversee. Benoit and Smith chose to participate in the aggregate settlement process, and in 2016 voluntarily executed a release in favor of the underlying defendant (BSC) while accepting the amount proposed to them via the judicially administered and approved settlement process.[3] Benoit and Smith were paid pursuant to that process.

**B.      After receiving unlawful solicitations to sue CLH, certain former clients brought suit in the Houston Division asserting the same claims as are now being made here.**

Sometime after the settlement trust had been administered to the point of paying both Benoit and Smith their agreed upon recoveries, certain lawyers who ultimately came to represent Benoit and Smith began soliciting CLH TVM clients to sue the law firm.[4] Those improper solicitation efforts came to an end after the Wharton County District Court issued an injunction prohibiting the wrongful solicitations, a ruling that was upheld on appeal.[5]

While the injunction stopped the wrongful solicitation campaign, two federal lawsuits in the Houston Division of the Southern District of Texas had already been filed by a total of five former CLH TVM clients who had previously been solicited.[6] The two suits named as defendants CLH, its three principals and their professional corporations (Clayton A. Clark, Esq., P.C., Shelley Hutson, Hutson Law Firm, P.C., Scott A. Love, and Scott A. Love, P.C.), and another law firm together with its two principals (Lee Murphy Law Firm, James Lee Law Firm, P.C., and Erin Murphy).

---

[3] Exhibits 1 and 2.
[4] Exhibit 4; *see also, Beggs v. Clark Love & Huston, PLLC*, 2020 WL 73943 (Tex.App.—Corpus Christi 2020, pet. denied).
[5] *Id.*
[6] Exhibits 6 and 7.

The first lawsuit was filed by four of CLH's former TVM clients and included the underlying BSC litigation at issue here. The second lawsuit was filed by another of CLH's former TVM clients. The two lawsuits were consolidated into one, the *Alvarado* Case, in Judge Hanen's court given the identical nature of the allegations, which are now being repeated in this case.[7]

The docket sheet from the *Alvarado* Case reflects the heavy activity in the consolidated litigation,[8] which includes a protective order governing the production of more than 500,000 pages of records that the plaintiffs requested from CLH pursuant to 4,534 written discovery requests contained in an oppressive 99 separate sets of written discovery. There were also 11 depositions taken in that case and full expert reports exchanged. There were motions to seal, motions to compel, motions addressing third-party subpoenas, motions for summary judgment, and pre-trial filings. To say the least, the *Alvarado* Case in Judge Hanen's court was fully litigated.

The crux of plaintiffs' claims in the *Alvarado* Case was that CLH let the statute of limitations run on the clients' respective underlying claims, supposedly did not then tell the clients, and consequently the clients allegedly received a lower settlement amount. Those plaintiffs asserted that the conduct amounted to a breach of fiduciary duty, legal malpractice, and fraud.[9]

After full discovery, CLH and the other defendants in the *Alvarado* Case filed motions for summary judgment. While the motions were pending, Benoit's and Smith's current counsel moved to substitute in as lead counsel for the plaintiffs in the *Alvarado* Case.[10] Thereafter, on April 15, 2021, Judge Hanen entered his 30-page order and opinion granting CLH's and the other defendants' motions for summary judgment.[11]

---

[7] Exhibit 5.
[8] Exhibits 6 and 7; *see also* Exhibit 3, Scott Love Affidavit.
[9] Exhibit 8.
[10] Exhibit 9.
[11] *See* Exhibit 1.

5

Less than 30 days after Judge Hanen's summary judgment ruling, Benoit's and Smith's counsel shopped a new forum by filing Benoit's and Smith's case (now before this Court) in the 334th District Court of Harris County on May 13, 2021.[12] Benoit's and Smith's claims against CLH and the other defendants, as they still do now, largely mirrored the claims made in the *Alvarado* Case.

On August 26, 2021, CLH filed a motion to transfer the Harris County state court lawsuit to Wharton County, where Benoit's and Smith's underlying TVM claims were filed and where a special master and the Court approved Benoit's and Smith's settlements.[13] CLH set its venue motion for hearing on November 5, 2021,[14] but on October 6, 2021 (the date that Benoit's and Smith's response to the venue motion was due), Benoit and Smith voluntarily dismissed all of their claims against CLH to avoid the impending transfer.[15]

Then, on November 19, 2021 in the state court case, Defendant Lee & Murphy Law Firm, G.P. filed a third-party petition against CLH, bringing CLH back into the lawsuit as a third-party defendant.[16] On November 29, 2021, CLH filed another motion to transfer venue to Wharton County, now as a third-party defendant.[17] On March 24, 2022, the 334th Judicial District Court of Harris County transferred the case to Wharton County.[18] On June 20, 2022, Benoit and Smith voluntarily non-suited the entire case..[19]

At that point, there were no other proceedings pending. But that was not to last. On August 19, 2022, Benoit and Smith filed this case, asserting claims that include breach of fiduciary duty,

---

[12] *Linda A. Smith and Sandra Benoit v. Clark, Love & Hutson, G.P., Lee & Murphy Law Firm, G.P.*; Cause No. 2021-28921; In the 334th Judicial District Court of Harris County, Texas.
[13] Exhibit 11; Exhibit 3, Scott Love Affidavit.
[14] Exhibit 12.
[15] Exhibit 13.
[16] Exhibit 11.
[17] *Id.*
[18] Exhibit 14.
[19] Exhibit 15.

6

fraud and legal malpractice. In this case, Benoit and Smith make essentially the same claims that the plaintiffs made in the *Alvarado* Case that Judge Hanen dismissed by summary judgment following full-blown discovery and extensive analysis. This case likewise contains the same claims that Benoit and Smith made in the state court case that they filed in Harris County and subsequently voluntarily non-suited after it was transferred to Wharton County.

Benoit's and Smith's filing this case in the Galveston Division—when none of the parties reside or office in Galveston, when all of the defendants reside and office in Houston, when the underlying TVM litigation was not pending in Galveston, when Benoit and Smith filed and prosecuted the *identical* case in state district court in Houston, and when Judge Hanen has already ruled on the controlling issues in a case where Benoit's and Smith's lawyers represented the plaintiffs at the time—is nothing less than blatant and improper forum shopping. For the convenience of the parties, to prevent injustice and the risk of inconsistent rulings, and to promote efficiency, the Court should transfer this case to the Houston Division of the Southern District of Texas.

### III.
### MOTION TO TRANSFER VENUE

28 U.S.C. § 1404 allows a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient division. That statute provides, in pertinent part, for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or division to which all parties have consented.[20] When determining if a case should be transferred to another forum, the trial court "must consider 'all relevant factors to determine whether or not

---

[20] 28 U.S.C. § 1404(a).

7

the balance of litigation would more conveniently proceed and the interest of justice be better served."[21]

Section 1404(a) affords a district court broad discretion to adjudicate motions to transfer based on a case-by-case, "flexible and individualized analysis," of convenience and fairness.[22] In considering a motion to transfer, a court weighs the following discretionary factors: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum.[23]

The Houston Division is not only a proper venue, but it is a more convenient venue than the Galveston Division. There are no CLH witnesses in Galveston. All Texas resident parties in this litigation are located in Houston. CLH's and the other defendants' counsel in this case are in Houston, which is likewise closer to the locale of Benoit's and Smith's counsel—Chappell Hill and Dallas. The defendants have no books or records in Galveston; they are in Houston. Trial attendance will be more costly in Galveston because of the need for hotels in Galveston. Moreover, the alleged wrongdoing occurred in Houston (not Galveston), where CLH and the other defendants reside and office. So, a transfer to the Houston division for convenience checks all of the boxes, even without consideration of the other suits that Benoit and Smith and/or their counsel previously filed and litigated in Houston.

But this motion is about more than merely checking boxes and asking for a transfer. It is an effort to curtail the injustice that stems from multiple attempts to improperly forum shop. Again,

---

[21] *Id.* (quoting C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3847, at 370 (1986)).
[22] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).
[23] *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 783 (S.D. Tex. 1996).

Benoit and Smith originally filed this action in state court in Houston, just thirty days after Judge Hanen's summary judgment ruling in the *Alvarado* Case. That filing was a transparent effort to avoid Judge Hanen. Then, when the state court in Houston transferred the case to the state court in Wharton County that approved both Benoit's and Smith's settlements, Benoit and Smith voluntarily nonsuited the case altogether to shop yet another forum—the Galveston District of the Southern District of Texas.

Not surprisingly given their forum shopping efforts, Benoit's and Smith's complaint is replete with allegations that are inconsistent with prior findings and rulings of Judge Hanen in the *Alvarado* Case, which is just one of the many reasons this case should be transferred to the Houston Division in the interests of justice and for the convenience of the parties and witnesses. Comity alone strongly favors a transfer to the Houston Division.

The United States District Court for the Eastern District of Texas, Marshall Division, has previously found that a case pending in its Court was better suited for the Northern District of Texas because the Northern District had prior dealings with the case's history of litigation and its offshoots.[24] In granting the defendant's motion to transfer venue there, the Court stated, "Judge Lindsay's deep familiarity with the *Netsphere* litigation and its myriad offshoots weighs heavily in favor of transfer to the Northern District of Texas. Because the Northern District of Texas is well-versed in all of the claims, parties, and issues before the Court presently, it is the most appropriate and best-suited venue for adjudicating this matter."[25] Additionally, the Court added that "the soundest reason for transferring this case to the Northern District of Texas is the avoidance of

---

[24] *Associated Recovery, LLC v. Butcher*, No. 216CV00126JRGRSP, 2017 WL 497576 (E.D. Tex. Feb. 7, 2017).
[25] *Id.* at *13.

inconsistent rulings or judgments."[26] While *Netsphere* involved two different districts, the reasoning behind the convenience transfer likewise applies here, perhaps even more strongly.

As such, this case should be transferred to the Houston Division based on convenience of all parties and witnesses and because the Houston Division is well-versed in all of the claims and issues that Benoit and Smith previously sought to litigate in Houston but now seek to litigate in the Galveston Division.

Benoit and Smith should not be permitted to manipulate the judicial process through forum shopping. First, Benoit and Smith did not join the *Alvarado* Case, even though the proceedings there involved common questions of law/fact and even though Benoit and Smith were represented by the same lawyers as the *Alvarado* plaintiffs and made their claim against CLH while the *Alvarado* Case was still pending.[27] Instead, Benoit and Smith waited for Judge Hanen's summary judgment ruling and, when the ruling was adverse, they filed suit less than 30 days later in a different forum—state district court in Houston. And when the Houston state court case was transferred to the proper state court venue in Wharton County where Benoit's and Smith's settlements were judicially approved, Benoit and Smith dismissed the claims altogether. So, after being dissatisfied with the Houston Division of the Southern District of Texas, the Houston state district court, and the Wharton County state district court, Benoit and Smith refiled the case here in the Galveston Division. The Court should not permit this sort of manipulation.

Finally, transferring the case from the Galveston Division to the Houston Division will not cause any delay or prejudice to Benoit or Smith. The Galveston Division courthouse is only fifty miles from the Houston Division courthouse, and the Houston Division courthouse is closer than the Galveston Division courthouse to the offices of Benoit's and Smith's Chappell Hill and Dallas

---

[26] *Id.*
[27] Exhibit 16.

lawyers, not to mention the airports to which Benoit and Smith would travel from Illinois and California, respectively.[28] "[I]t is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches on the Continental United States."[29]

The Court should transfer this case to the Houston Division with a notation that it is related to the *Alvarado* Case.

## IV.
## CONCLUSION

CLH respectfully requests the Court to grant this motion and to transfer this case to the Houston Division of the Southern District of Texas, with the notation that it is related to the *Alvarado* Case.  CLH requests any other relief to which it is entitled.

WHEREFORE, PREMISES CONSIDERED, CLH Defendants respectfully pray that this Court grant this Motion to Transfer Venue.

> Respectfully Submitted,
>
> MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
>
> /s/ *Dale Jefferson*
> Dale Jefferson
> Texas Bar No. 10607900
> jefferson@mdjwlaw.com
> Raul H. Suazo
> Texas Bar No. 24003021
> suazo@mdjwlaw.com
> 808 Travis Street, Suite 1100
> Houston, Texas  77002
> (713) 632-1700
> (713) 222-0101 (Facsimile)
> **ATTORNEYS FOR DEFENDANT,
> CLARK, LOVE & HUTSON, G.P., CLAYTON A. CLARK, SHELLEY HUTSON, AND BLAKE DEADY**

---

[28] *Smith*, 943 F. Supp. at 784.
[29] *Id.* (quoting *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1397 (S.D.Tex.1992).

SHEPHERD PREWETT PLLC

/s/ *Billy Shepherd*
Billy Shepherd
Texas Bar No. 18219700
bshepherd@spcounsel.com
770 South Post Oak Land, Suite 420
Houston, Texas 77056
(713) 955-4440
(713) 766-6542 (Facsimile)
**ATTORNEY FOR DEFENDANT SCOTT A. LOVE**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 9, 2022, in good faith, counsel for the CLH Defendants conferred with counsel for Plaintiffs, and an agreement garnering non-opposition as to the relief requested in this motion could not be reached. Therefore, this motion is opposed.

/s/ *Raul H. Suazo*
Raul H. Suazo

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing instrument has been served on the 10th day of October 2022, in accordance with the Federal Rules of Civil Procedure.

George Meredith Bishop
George_Bishop@sbcglobal.net
F.M. 1155 South
Chappell Hill, TX 77416

B. Ward Maedgen
ward@texcrime.com
8144 Walnut Hill Lane, Suite 1080
Dallas, TX 75231

**ATTORNEYS FOR PLAINTIFFS**

K. Knox Nunnally
knownunally@warejackson.com
Don Jackson
donjackson@warejackson.com
**WARE JACKSON LEE O'NEILL SMITH & BARROW, LLP**
America Tower, 39th Floor
2929 Allen Parkway
Houston, TX 77019

**ATTORNEYS FOR DEFENDANT,
LEE & MURPHY LAW FIRM, G.P.**

            */s/ Dale Jefferson*
            Dale Jefferson