UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANDRA BENOIT and LINDA A. SMITH, | § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:22-CV-00294 |
| LEE & MURPHY LAW FIRM, ERIN MURPHY, CLARK, LOVE & HUSTON, G.P., CLAYTON A. CLARK, SCOTT A. LOVE, BLAKE DEADY, and SHELLEY HUSTON. | § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANT CLARK, LOVE & HUTSON, G.P.'S EXPEDITED MOTION TO SEAL COURT RECORDS SUBJECT TO ITS MOTION TO TRANSFER VENUE**

Defendant, Clark, Love & Hutson, G.P., ("CLH" or "Defendant"), files this Expedited Motion to Seal Court Records Subject to Its Motion to Transfer Venue. In support, the Defendant respectfully shows this Court the following:

I.
**INTRODUCTION**

In this lawsuit where Plaintiffs complain about their recoveries from a judicially administered settlement trust, Plaintiffs and their counsel attached an Exhibit to their Original Complaint (*D.E. # 1*) which divulges the entire amount of a confidential, aggregate settlement involving several hundred individuals pursuing an underlying transvaginal mesh mass tort recovery. This is not the first time that Plaintiffs or their counsel have publicized this same settlement information. Plaintiffs and their counsel did so while the case was pending in the 334th District Court in Harris County (a lawsuit that Plaintiffs voluntarily dismissed after Judge Dawn Rogers transferred venue to the forum where the underlying settlement was being judicially

administered). Likewise, Plaintiffs' previous counsel publicized the same information in a companion case in the Houston Division of the Southern District of Texas, another forum that Plaintiffs have sought to avoid because of a full summary judgment that Judge Andrew Hanen granted on like claims to those asserted here.

In both instances of confidentiality violations, CLH was forced to file a motion to seal, and each time the request was unsuccessfully opposed. So, there is no doubt that Plaintiffs and their counsel are on notice that information pertaining to the aggregate settlement is confidential and subject to sealing. There is likewise no doubt that Plaintiffs and their counsel have some unusual desire to repeatedly continue publicizing the confidential information despite there being multiple sealing orders in place.

As Judge Hanen and Judge Rogers have previously issued sealing orders for violations of the confidentiality provisions, CLH asks this Court to seal the exhibit attached to Plaintiff's Original Complaint (or the entire document to the extent the exhibit cannot be electronically severed from the complaint).

## II.
## FACTUAL BACKGROUND

**A. The Master Settlement Agreements mandate the confidentiality of the Settlement Agreements in their terms.**

Plaintiffs' underlying pelvic mesh settlements are governed by Master Settlement Agreements (MSAs), which are confidential and set out the information that is protected from disclosure by the parties, including Plaintiffs in this case. There are two plaintiffs in this case, and both of them are bound by confidentiality provisions contained within their settlement agreements, all of which were material terms to the settling defendants in those cases.

Ms. Benoit and Ms. Smith's settlement is governed by the MSA entered into by Clark, Love & Hutson, G.P. (CLH) and Boston Scientific Corporation (BSC), a manufacturer of pelvic mesh devices among other things. The confidentiality provisions of the BSC MSA, which is being provided in redacted form, states the following:

> The Parties expressly agree and understand that all aspects of settlement negotiations, all documents prepared in connection with settlement negotiations (including, but not limited to, the Release and the Agreement and all of its exhibits), and the settlement itself, including the settlement fund amount, are confidential. No party may divulge any aspect or terms of any confidential document relating to the settlement, except as otherwise agreed to by the Parties herein or permitted by the Governing Court, except that Boston Scientific may make disclosures it deems necessary to governmental agencies, its accountants, auditors, other financial representatives, insurers, agents, and other related business, regulatory, financial or legal entities. The Parties and their counsel further agree that they will not, and that they will make every effort to cause their representatives, referring attorneys, and any other attorneys or other individuals involved in Claimants' Counsel's Boston Scientific Pelvic Products Cases and/or Claims (including local counsel and Referring Counsel) not to disclose to any person, including attorneys for other claimants and/or potential claimants, or to any media outlets or internet sources, any information concerning the negotiation of or the facts surrounding this settlement, including without limitation: (a) the nature of the settlement discussions and negotiations that took place concerning Claimants' Counsel's Boston Scientific Pelvic Product Cases and/or Claims; (b) offers exchanged during settlement negotiations; (c) the Parties' valuations, categorizations, characterizations, opinions, or views of Claimants' claims and types of injuries; (d) any of the terms, conditions, or other facts with respect to the settlement, including the status thereof, or the fact that the other party considered a settlement; (e) the total amount of the settlement; and (f) that this Agreement exists, that factual material has been requested or made available to Boston Scientific and its representatives, or any opinions or views with respect to Boston Scientific or the factual material.[1]

There is no doubt that this confidentiality provision precludes the type of disclosure that has been made by Plaintiffs in the Original Complaint.

---

[1] *See* Exhibit 1, BSC MSA, § X.A at 29-30.

**B. The Plaintiffs knowingly and expressly executed releases that mandate confidentiality of the Settlement Agreements.**

Plaintiffs agreed (Ms. Smith on March 9, 2016 and Ms. Benoit on March 11, 2016) to keep settlement terms and amounts confidential as follows:

**M. Confidentiality of Agreement.**

1. RELEASING PARTY and her attorneys, agents, experts, consultants, and representatives agree that all terms and conditions of this Agreement, including the ultimate amount thereof, the history and background, and all negotiations or discussions of any kind relating to the settlement are to be kept strictly confidential and private in all respects and shall not be disclosed, made public, disseminated, released, or otherwise referenced, alluded to, or suggested, directly or indirectly, to any person or entity in any manner whatsoever unless required by a court of competent jurisdiction, as necessary for the preparation of tax or other accounting documents, as necessary in the normal course of business of the RELEASED PARTIES or as necessary to give effect to the terms of this Agreement or approval of the distribution of the Settlement proceeds by a court of competent jurisdiction, and even then, only to such extent as is absolutely necessary.

\*   \*   \*

4. Further, for any violation of this confidentiality agreement, the parties shall have the right and standing to enjoin any person and/or organization violating this confidentiality agreement or any person and/or organization who has announced an intention to violate this confidentiality agreement or who has failed to desist from any violation of this confidentiality agreement after written demand to do so. All attorneys' fees, costs, and expenses incurred by a party herein in enforcing these rights to injunctive relief shall be the liability of any and every person and/or organization against whom injunctive relief is obtained. [2]

In short, Plaintiffs in this case and their Counsel have knowingly violated confidentiality provisions to which they agreed to be bound. Such facts evidence more than good cause to seal the Complaint, and Defendant respectfully requests the Court do so.

---

[2] *See* Exhibits 2 and 3, Smith and Benoit Releases at § M.1. and 4. at 19-20. These documents have been redacted only to divulge the existence of the confidentiality provision.

### C. Plaintiff's Complaint violates the Confidentiality Provisions to which Plaintiffs are bound.

In spite of Plaintiffs' knowing and express agreement to be bound by the confidentiality terms of the settlement agreements, Plaintiffs' Complaint has attached information that is clearly confidential under (1) the terms of the MSAs and (2) Plaintiffs' express agreements regarding confidentiality found in their individually executed Releases. The Complaint, via the attachment of Exhibit A, sets out numerous terms of the Settlement Agreement that are confidential,[3] including:

- The amount of the gross aggregate settlement (Complaint, Exhibit A, at 2);
- The number of participants (Complaint, Exhibit A, at 2);
- The breakdown of the amount paid by BSC (Complaint, Exhibit A, at 2); and
- The allocation formula (Complaint, Exhibit A, at pg. 3).

All of this is confidential under the various agreements, and because the information is attached to the Complaint as one electronic instrument, the only remedy is to seal the entirety of the complaint unless the offending Exhibit can somehow be removed from the court filing.

### D. Judge Hanen and Judge Rogers have already sealed pleadings with similar confidentiality violations in matters that have involved Plaintiffs' counsel.

Judge Hanen and Judge Rogers have previously sealed pleadings bearing similar confidentiality violations in proceedings that involved or came to involve Plaintiffs and/or their counsel. In the Tammy Alvarado matter[4] (which Plaintiffs' current counsel would eventually move to take over as the lead attorney), the Plaintiffs filed a pleading that disclosed confidential

---

[3] *See* Plaintiffs' Original Complaint.
[4] Cause No. 4:19-CV-2148; *Tammy Alvarado, et. al. v. Clark Love & Hutson, GP, et. al.*, In the Southern District of Texas – Houston Division.

information in violation of the settlement agreements. CLH asked Judge Hanen to seal the pleading given its violation of the confidentiality provisions. At the hearing, Judge Hanen said the following:

> Well, you just breached your duty – you just got your clients breaching a settlement agreement, don't you?...What we're talking about is whether we seal it so that it – they haven't breached the confidentiality agreement.[5]

Judge Hanen ultimately sealed the complaint.[6] Then, in Judge Rogers court, Plaintiffs' counsel breached the confidentiality provisions by again publicizing settlement amount information. CLH had to undertake the sealing process, which resulted in an order by Judge Rogers sealing the records and finding that "CLH has specific, serious, and substantial interests in preventing the disclosure" of confidential settlement information."[7] This is now at least the third time that CLH has been forced to file an action to seal pleadings because of what is becoming an obvious and knowing disregard of a confidentiality agreement.

### III.
### ARUGMENT AND AUTHORITY

Defendant acknowledges that there is a "general right to inspect and copy public records and documents, including judicial records and documents."[8] Nonetheless, "[to] be sure, the 'right to inspect and copy judicial records is not absolute…'"[9] The public does not have a generalized interest in access to privileged information that may have inadvertently been disclosed.[10] Moreover, the aspirations to be promoted by public access are not frustrated by sealing the entirety of an original complaint.[11]

---

[5] Exhibit 4, Transcript from Sealing Hearing in the Alvarado case at pages 4-5.
[6] Exhibit 5.
[7] Exhibit 6.
[8] *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978).
[9] *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.,* No. 2:15-CV-1202-WCB, 2017 WL 434207, at *1 (E.D. Tex. 2017) (citing *Nixon,* 435 U.S. at 598).
[10] *Motorola, Inc. v. Alaog Devices, Inc.,* 2003 WL 25778434 (E.D. Tex. 2003).
[11] *Id.*

Indeed, under Federal Rule of Civil Procedure 5.2(d), "[t]he Court may order that a filing be made under seal without redaction." "The decision whether to allow public access to court records is left to the 'sound discretion of the trial court . . . to be exercised in light of the relevant facts and circumstances of the particular case.'"[12] In this instance, it is appropriate to seal Plaintiffs' Original Complaint and Exhibit A which references settlement amounts and terms that are confidential. This is the type of information that the sealing procedures under Rule 5.2 were designed to protect.

As stated above, prior to filing Plaintiffs' Original Complaint in the Galveston Division, Plaintiffs filed an Original Petition in Harris County. Stemming from Plaintiffs' filings, on April 7, 2022, Judge Dawn Rogers the Court entered an Order Temporarily Sealing Court Records, finding Plaintiffs' Memorandum in Support of Plaintiffs' Arguments and to Correct [Alleged] Misinformation and its exhibits, disclosed and attached information and documents that were confidential pursuant to the settlement agreements, orders of the 23rd District Court of Wharton County, Texas, and/or orders and rulings of the current Court that require such information and documents to be kept confidential and filed under seal (if filed at all). The Court also found that there was no compelling reason to publicly disclose or publicly discuss the terms of the information and documents referenced in and attached as exhibits to Plaintiffs' Memorandum.

After having had a prior disclosure in this same dispute sealed, Plaintiffs would ultimately nonsuit their state court lawsuit. Plaintiffs then filed their Complaint in this Court, which makes yet another confidentiality violations. Plaintiffs continued violations of the confidentiality provisions are not only problematic, but harmful to all Parties involved and in complete disregard of prior court rulings.

---

[12] *Erfindergemeinschaft*, 2017 WL 434207 at *1 (citing *Nixon*, 435 U.S. at 599).

## IV.
## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests, subject to its Motion to Transfer Venue, that the Court seal Plaintiffs' Complaint.

>Respectfully Submitted,
>
>MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
>
>/s/ *Dale Jefferson*
>Dale Jefferson
>Texas Bar No. 10607900
>jefferson@mdjwlaw.com
>Raul H. Suazo
>Texas Bar No. 24003021
>suazo@mdjwlaw.com
>808 Travis Street, Suite 1100
>Houston, Texas 77002
>(713) 632-1700
>(713) 222-0101 (Facsimile)
>**ATTORNEYS FOR DEFENDANT,**
>**CLARK, LOVE & HUTSON, G.P., CLAYTON A. CLARK, SHELLEY HUTSON, AND BLAKE DEADY**
>
>SHEPHERD PREWETT PLLC
>
>/s/ *Billy Shepherd*
>Billy Shepherd
>Texas Bar No. 18219700
>bshepherd@spcounsel.com
>770 South Post Oak Land, Suite 420
>Houston, Texas 77056
>(713) 955-4440
>(713) 766-6542 (Facsimile)
>**ATTORNEY FOR DEFENDANT SCOTT A. LOVE**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 9, 2022, in good faith, counsel for the CLH Defendants conferred with counsel for Plaintiffs, and an agreement garnering non-opposition as to the relief requested in this motion could not be reached. Therefore, this motion is opposed.

/s/ *Raul H. Suazo*
Raul H. Suazo

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's foregoing pleading was served on October 10, 2022, on the following counsel of record in accordance with the Federal Rules of Civil Procedure:

George Meredith Bishop
George_Bishop@sbcglobal.net
F.M. 1155 South
Chappell Hill, TX 77416

B. Ward Maedgen
ward@texcrime.com
8144 Walnut Hill Lane, Suite 1080
Dallas, TX 75231

**ATTORNEYS FOR PLAINTIFFS**

/s/ *Dale Jefferson*
Dale Jefferson